E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5429
     Facsimile: (213) 894-0141
     E-mail:    jeremy.beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. 2:23-cr-251-ODW

            Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                   MARIO SANCHEZ
                 v.

MARIO SANCHEZ,
  aka "Goon,"
  aka "Toothpick,"

            Defendant.

     1.   This constitutes the plea agreement between MARIO SANCHEZ

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                     DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to count two of the

                                                              [signature]
                                                              8.28.2023

indictment in <u>United States v. Mario Sanchez</u>, Case No. 2:23-cr-251-ODW, which charges defendant with being a felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

   3.   Defendant further agrees:

        a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following (collectively, the "Forfeitable Property"):

           i.   One Smith & Wesson, Model SD9 VE, 9-millimeter caliber semiautomatic pistol, bearing serial number FZB0358;

1              ii.   One Beretta, Model APX Compact, 9-millimeter

2    caliber semiautomatic pistol, bearing serial number A105350X;

3              iii. Four rounds of Hornady 9-millimeter caliber

4    ammunition;

5              iv.   Three rounds of Fiocchi 9-millimeter caliber

6    ammunition;

7              v.    Three rounds of Remington 9-millimeter caliber

8    ammunition;

9              vi.   Six rounds of CCI/Speer 9-millimeter caliber

10   ammunition;

11             vii.  One round of Ammo Inc. (Jagemann) 9-millimeter

12   caliber ammunition;

13             viii. Three rounds of Winchester 9-millimeter caliber

14   ammunition;

15             ix.   Six rounds of Poongsan Corporation 9-millimeter

16   caliber ammunition;

17             x.    Four rounds of Federal 9-millimeter caliber

18   ammunition;

19             xi.   One round of Sellier & Bellot 9-millimeter

20   caliber ammunition; and

21             xii.  One round of Companhia Brasileira de Cartuchos 9-

22   millimeter caliber ammunition.

23        b.    To the Court's entry of an order of forfeiture at or

24   before sentencing with respect to the Forfeitable Property and to the

25   forfeiture of the assets.

26        c.    That the Preliminary Order of Forfeiture shall become

27   final as to the defendant upon entry.

28

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

5

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   With respect to count two, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 13 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, being a felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true:

      a.   Defendant knowingly possessed a firearm and ammunition;

      b.   The firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States;

      c.   At the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

d.   At the time the defendant possessed the firearm and ammunition, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for violation of Title 18, United States Code, Section 922(g)(1), is: 15 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 15 and December 14, 2022, within the Central District of California, defendant knowingly possessed firearms and ammunition in and affecting interstate and foreign commerce. Defendant possessed the firearms and ammunition knowing that he had previously been convicted of at least one felony, punishable by a term of imprisonment exceeding one year.

Specifically, on November 15, 2022, in Los Angeles County, within the Central District of California, defendant possessed a handgun and a magazine containing eight rounds of 9-millimeter caliber ammunition. On that date, detectives from the Gardena Police Department attempted to take defendant into custody on an active warrant. Defendant fled the detectives on foot, and the detectives gave chase. Defendant carried the handgun in his hand while fleeing the detectives. As he ran, a magazine containing eight rounds of ammunition fell out of the handgun.

On December 14, 2022, in Los Angeles County, within the Central District of California, defendant possessed two handguns and 24 rounds of 9-millimeter caliber ammunition. On that date, the same Gardena Police Department detectives saw defendant driving a stolen BMW sport utility vehicle ("SUV") and pulled him over to arrest him. Before exiting the SUV, defendant admitted that he had a handgun in his pocket and another gun in the SUV.

At the time of his arrest on December 14, 2022, defendant possessed on his person a Smith & Wesson SD9VE 9-millimeter caliber handgun bearing serial number FZB0358. The handgun was loaded with ten rounds of 9-millimeter caliber ammunition, including one in the

chamber.  The handgun had been reported stolen to the Los Angeles Police Department on December 2, 2022.  Defendant also possessed on his person a loose round of 9-millimeter caliber ammunition and three rounds of 9-millimeter caliber ammunition in a fanny pack he was wearing.

Defendant also possessed inside the SUV a green Beretta 9-millimeter caliber APX handgun bearing serial number A105350X, which was loaded with ten rounds of 9-millimeter caliber ammunition, including one in the chamber.

The Smith & Wesson handgun was manufactured in Massachusetts. The Beretta handgun was manufactured in Italy.  Each of the foregoing rounds of ammunition was manufactured outside California. Accordingly, the firearms and ammunition must have traveled in interstate and/or foreign commerce to be recovered in California.

Defendant admits that on both November 15, 2022, and December 14, 2022, he knew he had been convicted of the following crimes, each of which is a felony that is punishable by imprisonment for a term exceeding one year:

1. Being a felon in possession of a firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number YA103353; date of conviction May 4, 2021;

2. Recklessly evading a peace officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number YA103734; date of conviction May 4, 2021;

3. Carrying a loaded firearm, in violation of California Penal Code Section 25850(a), in the Superior Court for the State of

California, County of Los Angeles, Case Number YA104121; date
of conviction April 14, 2022;

4. Recklessly evading a peace officer, in violation of California
Vehicle Code Section 2800.2, in the Superior Court for the
State of California, County of Los Angeles, Case Number
YA103050; date of conviction April 14, 2022; and

5. Possessing a baton, in violation of California Penal Code
Section 22210, in the Superior Court for the State of
California, County of Los Angeles, Case Number YA104078; date
of conviction April 14, 2022.

SENTENCING FACTORS

11.   Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

12.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. § 2K2.1(a)(6) |
| Stolen Firearm | +2 | U.S.S.G. § 2K2.1(b)(4) |

1    Acceptance of Responsibility     -3     U.S.S.G. § 3E1.1(a)-(b)

2    Total offense Level              13

3

4   The USAO will agree to a two-level downward adjustment for acceptance

5   of responsibility (and, if applicable, move for an additional one-

6   level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the

7   conditions set forth in paragraph 4(d) are met and if defendant has

8   not committed, and refrains from committing, acts constituting

9   obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as

10  discussed below.  Subject to paragraph 26 below, defendant and the

11  USAO agree not to seek, argue, or suggest in any way, either orally

12  or in writing, that any other specific offense characteristics,

13  adjustments, or departures relating to the offense level be imposed.

14  Defendant agrees, however, that if, after signing this agreement but

15  prior to sentencing, defendant were to commit an act, or the USAO

16  were to discover a previously undiscovered act committed by defendant

17  prior to signing this agreement, which act, in the judgment of the

18  USAO, constituted obstruction of justice within the meaning of

19  U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set

20  forth in that section and to argue that defendant is not entitled to

21  a downward adjustment for acceptance of responsibility under U.S.S.G.

22  § 3E1.1.  Defendant understands that defendant's offense level could

23  be increased if defendant is a career offender under U.S.S.G.

24  §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered,

25  defendant and the USAO will not be bound by the agreement to

26  Sentencing Guideline factors set forth above.

27       13.  Defendant understands that there is no agreement as to

28  defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13

1

## WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

2      16.   Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11      17.   Defendant also gives up any right to bring a post-

12 conviction collateral attack on the conviction or sentence, except a

13 post-conviction collateral attack based on a claim of ineffective

14 assistance of counsel, a claim of newly discovered evidence, or an

15 explicitly retroactive change in the applicable Sentencing

16 Guidelines, sentencing statutes, or statutes of conviction.

17 Defendant understands that this waiver includes, but is not limited

18 to, arguments that the statute to which defendant is pleading guilty

19 is unconstitutional, and any and all claims that the statement of

20 facts provided herein is insufficient to support defendant's plea of

21 guilty.

22

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23      18.   Defendant agrees that, provided the Court imposes a total

24 term of imprisonment of no more than the high end of the guidelines

25 range corresponding to an offense level of 13 and the criminal

26 history category calculated by the Court, defendant gives up the

27 right to appeal all of the following: (a) the procedures and

28 calculations used to determine and impose any portion of the

sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low end of the guidelines range corresponding to an offense level of 19 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

21.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

16

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1                          <u>NO ADDITIONAL AGREEMENTS</u>

2          28.  Defendant understands that, except as set forth herein,

3     there are no promises, understandings, or agreements between the USAO

4     and defendant or defendant's attorney, and that no additional

5     promise, understanding, or agreement may be entered into unless in a

6     writing signed by all parties or on the record in court.

7            <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8          29.  The parties agree that this agreement will be considered

9     part of the record of defendant's guilty plea hearing as if the

10    entire agreement had been read into the record of the proceeding.

11

12    AGREED AND ACCEPTED

13    UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
14    CALIFORNIA

15    E. MARTIN ESTRADA
      United States Attorney

16

17                                        September 7, 2023
      _____        _____
18    JEREMY K. BEECHER                   Date
      Assistant United States Attorney

19

20    _____        9/7/2023
      MARIO SANCHEZ                       _____
21    Defendant                          Date

22

23    _____        9/7/2023
      RAMANUJAN NADADUR                   _____
24    Attorney for Defendant MARIO        Date
25    SANCHEZ

26

27

28
                                    19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Mario Sanchez                    9/7/2023
_____  _____
MARIO SANCHEZ                     Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARIO SANCHEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set

forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

RAMANUJAN NADADUR
Attorney for Defendant MARIO
SANCHEZ

9/7/2023
Date